UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Aaron Olson,

            Plaintiff,

v.

United States Postal Service,

            Defendant.

Civ. No. 14-3213 (JNE/BRT)

**REPORT AND RECOMMENDATION**

Aaron Olson, *pro se* Plaintiff.

Lonnie F. Bryan, Esq., United States Attorney's Office, counsel for Defendant.

BECKY R. THORSON, United States Magistrate Judge.

    While delivering mail to an apartment building on the afternoon of October 23, 2013, a task which apparently necessitated opening each mailbox door, an unnamed postal worker allegedly grabbed Aaron Olson's wrist and "checked" him into a nearby wall after Olson reached out towards his open mailbox. (Doc. No. 1, Compl. ¶¶ 1–4.) The letter carrier purportedly told Olson that "he was justified in making physical contact . . . because [Olson] should not have reached toward his mailbox when seeing [that] the mailbox doors were open." (*Id.* ¶ 5.) Olson, who claims to have suffered a sprained wrist and lingering pain as a result of the postman's actions, filed this lawsuit against the United States Postal Service ("USPS") under the Federal Tort Claims Act ("FTCA"), alleging that USPS was negligent in failing to properly train the letter carrier. (*Id.* ¶¶ 6, 8–9.) Recognizing that the FTCA's limited waiver of federal sovereign immunity does not

extend to claims "arising out of assault [or] battery," 28 U.S.C. § 2680(h), Olson contends that he is entitled to pursue his negligence claim based on the Supreme Court's decision in *Sheridan v. United States*, 487 U.S. 392 (1988). (*See id.* ¶ 9.)

USPS has moved to dismiss Olson's complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction, arguing that his negligent training claim is barred by § 2680(h) and outside the scope of *Sheridan* because it does not hinge on an independent legal duty unrelated to the postman's federal employment status. (Doc. No. 12, Def.'s Mot. to Dismiss ¶¶ 2, 4; Doc. No. 13, Def.'s Mem. in Supp. of Mot. to Dismiss 1–6.) Alternatively, USPS maintains that the complaint should otherwise be dismissed because Olson has not exhausted his administrative remedies, as required by 28 U.S.C. § 2401(b), and because Minnesota law does not recognize a tort for failure to train. (Doc. No. 12 ¶¶ 3, 5; Doc. No. 13 at 1, 7–11.) In response to the motion to dismiss, Olson has moved for leave to file an amended complaint, which seeks to substitute the United States for USPS; to add claims against the federal government for negligent supervision, hiring, and retention of the postal worker; and to assert a *Bivens*[1] claim against the unnamed postman for violating his Fourteenth Amendment right to bodily integrity, as well as common-law claims for battery and negligence. (*See* Doc. No. 24.)

The parties' motions have been referred to this Court pursuant to 28 U.S.C. § 636(b)(1). (*See* Doc. No. 17.) For the reasons discussed below, this Court finds that Olson's negligent training claim against USPS is barred by § 2680(h), as it stems from an

---

[1]   *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

alleged battery committed by the postal worker and hinges on the postman's status as a federal employee. This Court further finds that granting leave to amend would be futile because Olson's proposed amendments could not withstand dismissal for lack of subject-matter jurisdiction or for failure to state a viable claim on which relief may be granted. Accordingly, this Court recommends that USPS's motion to dismiss be granted on the basis of sovereign immunity, that Olson's motion for leave to amend his complaint be denied, and that this action be dismissed without prejudice for lack of subject-matter jurisdiction.[2]

## I. SOVEREIGN IMMUNITY AND THE FTCA'S BATTERY BAR

Sovereign immunity precludes the exercise of subject-matter jurisdiction over a suit against the federal government or its agencies, including USPS, absent a waiver of that immunity. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *United States v. Mitchell*, 463 U.S. 206, 212 (1983); *see also Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 483–84 (2006) (noting that "the Postal Service enjoys federal sovereign immunity absent a

---

[2]   Given this Court's conclusion that § 2680(h) precludes the exercise of subject-matter jurisdiction over Olson's negligent training claim, it need not—and does not—decide whether that claim is also subject to dismissal on either of the alternative grounds advanced by USPS, including failure to exhaust administrative remedies. Moreover, while USPS correctly notes that it is not a proper defendant under the FTCA, which only permits suits against the United States itself, there is no need to substitute the United States as the defendant in this case because subject-matter jurisdiction over Olson's negligence claim would be lacking regardless of whether the named defendant is USPS or the United States. *See* 28 U.S.C. § 2679(a) ("The authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under [the FTCA] . . . ."); *Moore v. U.S. Postal Serv.*, 69 F.3d 539, 1995 WL 632365, at *1 (7th Cir. Oct. 26, 1995) ("[T]he FTCA permits suits against the United States itself, not against its agencies.").

waiver" because it is "an independent establishment of the executive branch of the Government of the United States" with "significant governmental powers") (quotations omitted). Where, as here, a federal agency seeks dismissal for lack of subject-matter jurisdiction, the burden of showing both a waiver of sovereign immunity and a grant of jurisdiction falls on the plaintiff. *V S Ltd. P'Ship v. Dep't of Hous. and Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000).

The FTCA provides a limited waiver of federal sovereign immunity for claims of injury or loss "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1); *see also* 39 U.S.C. § 409(c) ("The provisions . . . of title 28 relating to tort claims shall apply to tort claims arising out of activities of the Postal Service.") The FTCA's general waiver of sovereign immunity is rife with specific exceptions, including (as relevant here) for "[a]ny claim arising out of assault, battery," or other specified intentional torts unless the conduct of an investigative or law enforcement officer is involved. 28 U.S.C. § 2680(h). In determining the applicability of this so-called intentional tort exception, "a court must look, not to the theory upon which the plaintiff elects to proceed, but rather to the substance of the claim which he asserts." *Lambertson v. United States*, 528 F.2d 441, 443 (2d Cir. 1976). As such, "causes of action distinct from those excepted under § 2680(h) are nevertheless deemed to be barred when the underlying governmental conduct 'essential' to the plaintiff's claim can fairly be read to

'arise out of' conduct that would establish an excepted cause of action." *Leleux v. United States*, 178 F.3d 750, 756 (5th Cir. 1999) (quotation omitted); *accord Zelaya v. United States*, 781 F.3d 1315, 1333 (11th Cir. 2015) ("[A] claim will be deemed to have arisen from a § 2680 excepted tort if the governmental conduct that is essential to the plaintiff's cause of action is encompassed by that tort. And this is so even if the plaintiff has denominated, as the basis for the cause of action, a tort not found within § 2680(h)'s list of excepted torts.").[3]

The Supreme Court has twice considered the meaning and scope of the FTCA's bar against claims arising out of an assault or battery. In *United States v. Shearer*, 473 U.S. 52, 53–54 (1985), the mother of a deceased serviceman, who had been kidnapped and murdered by a fellow serviceman with a known history of violence, brought an FTCA action against the United States for negligently failing to exercise a reasonable degree of control over the assailant and to warn others of his dangerousness. After noting

---

[3] Whether the underlying government conduct qualifies as one of the intentional torts specified in § 2680(h) is a matter of federal law, not state law, and depends on the traditional and commonly understood legal definition of the tort in question. *See Molzof v. United States*, 502 U.S. 301, 305 (1992) (noting that while "liability under the FTCA is generally determined by reference to state law," the meaning of terms employed in the statute "is by definition a federal question"); *United States v. Neustadt*, 366 U.S. 696, 705–06 (1961) (explaining that whether a claim falls "outside the intended scope of the [FTCA] depends solely upon what Congress meant by the language it used in [§] 2680(h)," and looking to "the traditional and commonly understood legal definition" of the tort at issue); *Leleux*, 178 F.3d at 755 n.2 ("It is a matter of federal law, not state law, whether the [FTCA] exception for battery applies."); *Talbert v. United States*, 932 F.2d 1064, 1066 (4th Cir. 1991) ("In so construing [§ 2680(h)] . . . we must turn to the traditional and commonly understood definition of the tort in question, consulting such appropriate sources as the *Restatement (Second) of Torts* and federal cases construing the exception.") (quotation omitted).

that it was clear that the plaintiff's negligent supervision claim arose out of a battery, which was "the immediate cause of [the serviceman's] death and, consequently, the basis of [her] claim," a plurality of the Court concluded that the claim was barred by § 2680(h):

> [Plaintiff] cannot avoid the reach of § 2680(h) by framing her complaint in terms of negligent failure to prevent the assault and battery. Section 2680(h) does not merely bar claims *for* assault or battery; in sweeping language it excludes any claim *arising out of* assault or battery. We read this provision to cover claims like [plaintiff's] that sound in negligence but stem from a battery committed by a Government employee.

*Id.* at 54–55. The plurality opinion further noted that Congress apparently "believed that § 2680(h) would bar claims arising out of a certain type of factual situation — deliberate attacks by Government employees." *Id.* at 55. A majority of circuits, including the Eighth Circuit, have adopted and applied the *Shearer* plurality's view. *See Westcott v. City of Omaha*, 901 F.2d 1486, 1489 (8th Cir. 1990); *Al Ahimari v. CACI Int'l, Inc.*, 679 F.3d 205, 236 (4th Cir. 2012); *Leleux*, 178 F.3d at 756; *Franklin v. United States*, 992 F.2d 1492, 1498 (10th Cir. 1993); *Kugel v. United States*, 947 F.2d 1504, 1507 (D.C. Cir. 1991); *Guccione v. United States*, 847 F.2d 1031, 1034 (2d Cir. 1988); *Metz v. United States*, 788 F.2d 1528, 1533–34 (11th Cir. 1986); *see also Borawski v. Henderson*, 265 F. Supp. 2d 475, 485 (D.N.J. 2003) ("The majority of the circuits addressing the meaning of the 'arising out of' clause have adopted the *Shearer* [] plurality view . . . .").

Three years after its decision in *Shearer*, the Supreme Court clarified that § 2680(h) does not bar negligence claims related to an assault or battery committed by a government employee if the government has breached an affirmative duty that is "entirely independent of [the tortfeasor's] employment status," such that "the

6

employment status of the assailant has nothing to do with the basis for imposing liability on the Government." *Sheridan v. United States*, 487 U.S. 392, 401–02 (1988). In *Sheridan*, an intoxicated, off-duty naval medical aide named Carr fired a rifle into a car on a public street near the Bethesda Naval Hospital, injuring the plaintiffs. *Id.* at 393–95. Earlier that evening, three naval corpsmen found Carr "lying face down in a drunken stupor on the concrete floor of the hospital building" and attempted to take him to the emergency room, but soon fled when Carr brandished a rifle and took no "further action to subdue [him]" or "alert[] the appropriate authorities that he was heavily intoxicated and brandishing a weapon." *Id.* at 395. The plaintiffs sued the federal government under the FTCA, alleging that their injuries were caused by the negligence of the three corpsmen in allowing Carr to leave the hospital with a loaded rifle in his possession. *Id.* at 394–95. The Supreme Court held that the plaintiffs' negligence claim was not barred by the FTCA's intentional tort exception because the basis for the government's potential liability was "entirely independent of Carr's employment status." *Id.* at 401. The Court explained that the government could be held liable even "if Carr had been an unemployed civilian patient or visitor in the hospital" because the naval corpsmen had assumed a Good Samaritan duty to act "in a careful manner" by "voluntarily undertaking to provide care to a person who was visibly drunk and visibly armed," and the government had otherwise adopted regulations that both prohibited the possession of firearms on the naval base and required all personnel (the corpsmen included) to report the presence of any firearms. *Id.* at 401–02.

Taken together, *Shearer* and *Sheridan* stand for the proposition that negligence claims related to a government employee's assault or battery are barred by § 2680(h) unless the claimed "negligence arose out of an independent, antecedent duty unrelated to the employment relationship between the tortfeasor and the United States." *Billingsley v. United States*, 251 F.3d 696, 698 (8th Cir. 2001) (quoting *Leleux*, 178 F.3d at 757). In other words, § 2680(h) does not bar a battery-related negligence claim where the government has breached a duty owed to the plaintiff that is in no way contingent on the assailant's federal employment status. *See Bodin v. Vagshenian*, 462 F.3d 481, 489 (5th Cir. 2006) ("[T]he plaintiffs can recover only if the United States breached a duty independent of its employment relationship with Dr. Vagshenian."); *Franklin*, 992 F.2d at 1498 ("[W]hen a negligence claim against the government arises out of an incident of battery but is in no way contingent on the perpetrator's federal employment status, i.e., when the government's liability is based on its breach of a duty owed the victim that is independent of its relationship, if any, to the perpetrator, § 2680(h) does not bar recovery under the FTCA.") Where such an independent duty exists, the underlying assault or battery "serves only to establish the extent of the plaintiff's injury, not to establish the breach of duty." *Bodin*, 462 F.3d at 489 (quotation omitted); *see also Doe v. United States*, 838 F.2d 220, 223 (7th Cir. 1988) (same).

Here, Olson's negligent training claim against USPS is barred by § 2680(h) because it stems from a battery committed by the unnamed postman and hinges on the postman's federal employment status. For purposes of § 2680(h), there is no question that the postman's alleged conduct in grabbing and twisting Olson's wrist qualifies as a

8

battery, which is traditionally defined as any harmful or offensive contact resulting from an act intended to cause such contact.[4] *See* Restatement (Second) of Torts §§ 13 and 18; W. Page Keeton et al., *Prosser and Keeton on Torts* § 9, at 39–42 (Hornbook Series, Lawyer's Edition, 5th ed. 1984) [hereinafter *Prosser and Keeton on Torts*]; *see also Alexander v. DeAngelo*, 329 F.3d 912, 916 (7th Cir. 2003) ("[A]ny offensive touching (unless consented to, which removes the offense) is a battery."); *Lambertson*, 528 F.2d at 444 (defining a battery as an offensive contact made with the intent to make contact, regardless of whether the assailant intended to cause injury).

While Olson's negligent training claim relates to an alleged battery, he has not identified any affirmative legal duty owed to him by USPS that is independent of its employment relationship with the postal worker. Olson contends that Minn. Stat.

---

[4]   Olson appears to argue that the postman's actions might not have constituted a battery if he reasonably believed that his actions were legally justified in defense of property. (*See* Doc. No. 24, Attach. 1, Proposed Am. Compl. 3 n.1; Doc. No. 29, Pl.'s Surreply 1–2.) That the postal worker might have a valid defense to a claim of battery, however, does not mean that his underlying conduct does not meet the traditional elements of battery or otherwise fall within the meaning of that term as used in § 2680(h). *See Prosser & Keeton on Torts* § 16, at 108 (explaining that a plaintiff need only prove the essential elements of a *prima facie* tort and that "matters that may occasionally be asserted and established in excuse or justification for the conduct that would ordinarily be actionable are for the defendant to plead and prove"); *see also id.* §§ 16, 21 (listing defense of property as one those "privileges" or affirmative defenses that may be established to "avoid liability where it might otherwise follow"). As the Supreme Court has explained, "the proper objective of a court attempting to construe one of the subsections of 28 U.S.C. § 2680 is to identify those circumstances which are within the words and reason of the exception — no less and no more." *Dolan*, 546 U.S. at 492 (quotation omitted). The purpose of the FTCA's battery exception is to bar suits resulting from deliberate attacks by Government employees, such as the harmful contact perpetrated by the unnamed postman. *See Shearer*, 473 U.S. at 55 (plurality opinion); *Billingsley*, 251 F.3d at 698.

§ 609.223, subd. 1, which criminalizes assault resulting in substantial bodily harm, imposed a duty on USPS not to "endorse physical contact with patrons." (Doc. No. 23, Attach. 1 at 3 n.1; *see also* Doc. No. 29 at 4.) The government and its agencies, however, do not have a general duty to protect persons from assaults, batteries, or other harms imposed by private actors. *See Sellers By and Through Sellers v. Baer*, 28 F.3d 895, 899 (8th Cir. 1994); *Guccione*, 847 F.2d at 1037; *Doe*, 838 F.2d at 223–24. Thus, whatever duty USPS or the United States in general had to prevent the alleged battery on Olson was entirely contingent on its employment relationship with the postal worker, not independent of that relationship. USPS would have no potential liability if not for the fact that the person responsible for the alleged battery on Olson was a postal worker rather than a private citizen. Indeed, claims of negligent training—as well as negligent supervision, hiring, or retention—are by their very nature dependent upon the existence of an employment relationship; the government's liability arises, if at all, only because the assailant happens to be a federal employee. *See Sheridan*, 487 U.S. at 406–07 (Kennedy, J., concurring) (explaining that "[i]f the allegation is that the Government was negligent in the supervision or selection of the employee and that [an assault or battery] occurred as a result, the intentional tort exception of § 2680(h) bars the claim" because the alleged negligence does not involve a breach of a "duty independent from the employment relation"); *Billingsley*, 251 F.3d at 698 ("The government would not be liable . . . for its negligent hiring and supervision [of a Jobs Corp enrollee who struck the plaintiff], as such a claim pertains to the government's employment relationship with [the assailant]."); *Borawski*, 265 F. Supp. 2d at 485 ("[A] negligent hiring, supervision, or

10

retention claim necessarily arises out of an underlying intentional tort, precluding government liability under the FTCA.").

Because the existence of any duty on the part of USPS to prevent the alleged battery against Olson is dependent on its employment relationship with the unnamed postal worker, Olson's negligence claim does not fall within the protections of *Sheridan* and is barred by the FTCA's intentional tort exception. *See, e.g.*, *Billingsley*, 251 F.3d at 698 ("To find the government liable for negligent hiring and supervision of an employee who commits a tort would frustrate the purpose of § 2680(h), which is to bar suits resulting from deliberate attacks by Government employees.") (quotation omitted); *Leleux*, 178 F.3d at 756–58 (barring claims against the United States for negligently failing to prevent an enlisted petty officer from transmitting a venereal disease to the plaintiff because the government had no "duty to protect her independent of its employment relationship with [the petty officer]"); *Franklin*, 992 F.2d at 1499 (barring claim against the United States for negligently failing to prevent medical personnel from performing unauthorized surgery because "the government would have no potential liability if not for the fact that those responsible for the intentionally tortious medical care . . . were VA employees"); *Guccione*, 847 F.2d at 1037 (barring claim against the United States for negligently failing to supervise an undercover federal agent because the government had "no special 'affirmative duty' to protect [the plaintiff] independent of [its] duty to supervise its agents"); *Borawski*, 265 F. Supp. 2d at 486 ("[B]ecause the Postmaster General's potential liability in negligence for Fisco's alleged intentional torts depends upon her status as a Government employee, we conclude that the Postmaster

General is immune from Borawski's negligent-hiring-and-retention claim."). This Court therefore lacks subject-matter jurisdiction over Olson's negligence claim against USPS, as that claim falls outside the FTCA's waiver of federal sovereign immunity.

Notwithstanding the absence of an independent duty on the part of the government, Olson suggests that he is still entitled to sue the government for negligence under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978), which ruled that municipalities can be held liable under 42 U.S.C. § 1983 if an official policy or custom caused a constitutional violation. (*See* Doc. No. 29 at 3.) Section 1983, however, applies only to state and local governments, not the federal government or its agencies, which makes *Monell* inapplicable in this case. *See Dry v. United States*, 235 F.3d 1249, 1255 (10th Cir. 2000). And the FTCA, which does apply to the federal government, specifically bars suits alleging "[a]ny claim arising out of an assault [or] battery," as that phrase has been interpreted by the Supreme Court and lower federal courts. *Monell* provides no basis for ignoring the principle established in *Shearer* and *Sheridan* that negligence claims stemming from an assault or battery cannot be pursued against the federal government unless the government owed an independent duty to the plaintiff that is unrelated to the employment status of the tortfeasor.[5]

---

[5] Olson also suggests that the independent-duty test announced in *Sheridan* should not be applied in this case based upon a single statement from Justice O'Connor's dissenting opinion in *Sheridan*. (Doc. No. 29 at 3); *see Sheridan*, 487 U.S. at 411 (O'Connor, J., dissenting) ("The Government suggests that Congress reasonably might have concluded that it would be unjust to make the Government liable for claims arising out of an assault or battery merely because Government employees other than the tortfeasor were negligent, since the individual tortfeasor plainly is the more culpable

(Footnote Continued on Next Page)

## II. LEAVE TO AMEND

The absence of jurisdiction over Olson's negligent training claim against USPS does not fully dispose of this case because Olson has moved for leave to file an amended complaint.[6] (Doc. No. 24.) In his proposed amended complaint, Olson seeks to substitute the United States for USPS; to assert claims against the government for negligent supervision, training, hiring, and retention of the unnamed postal worker; and to assert claims directly against the postal worker for battery, negligence, and violating his Fourteenth Amendment right to bodily integrity. (Doc. No. 24, Attach 1., Proposed Am. Compl. ¶¶ 9–10, 12–14.) Although leave to amend should be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2), amendment is not warranted when it would be futile. *See Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008). That is precisely the case here because Olson's proposed amendments could not withstand dismissal, either for lack of subject-matter jurisdiction or for failure to state a claim on

---

(Footnote Continued from Previous Page)
party."). Justice O'Connor's dissenting opinion, however, does not give this Court license to ignore either the majority opinion in *Sheridan* or the plurality opinion in *Shearer*, which the majority of circuits (including the Eighth Circuit) have adopted. In any event, the position taken by Justice O'Connor in *Sheridan* is even less favorable to Olson than the independent-duty test adopted by the majority — unlike the majority, Justice O'Connor would have held that § 2680(h) bars claims for relief that are "associated in any way with an assault or battery." *Sheridan*, 487 U.S. at 409 (O'Connor, J., dissenting).

[6]   Olson needs the Court's permission to amend his complaint because he did not do so within twenty-days of service of either USPS's answer or motion to dismiss. *See* Fed. R. Civ. P. 15(a) ("A party may amend its pleading once as a matter of course within . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. . . . In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.").

which relief may be granted. *See Walker v. Barrett*, 650 F.3d 1198, 1210 (8th Cir. 2011) ("Because none of the proposed amendments would have prevented Walker's claims from being dismissed . . . , the district court did not err in refusing to allow them.").

Olson's proposed claims against the United States for negligently supervising, training, hiring, and retaining the postal worker would be barred by § 2680(h) for the same reasons that apply to his existing negligence claim against USPS — namely, such claims stem from the alleged battery committed by the postal worker and are not independent of his status as a federal employee. *See, e.g.*, *Sheridan*, 487 U.S. at 406–07 (Kennedy, J., concurring); *Billingsley*, 251 F.3d at 698; *Leleux*, 178 F.3d at 756–58; *Franklin*, 992 F.2d at 1499; *Guccione*, 847 F.2d at 1034, 1037; *Borawski*, 265 F. Supp. 2d at 486. The proposed battery and negligence claims against the postal worker would similarly be barred by the Federal Employees Liability Reform and Tort Compensation Act ("Liability Reform Act"), which immunizes federal employees from tort suits relating to actions taken within the scope of their employment, even where an FTCA exception would prevent recovery against the government itself.[7] *See* 28 U.S.C. § 2679(b)(1) ("The remedy against the United States provided by [the FTCA] for injury or loss of property . . . resulting from the negligent or wrongful act . . . of any employee of the Government while acting within the scope of his office or employment is exclusive

---

[7] Neither party contends that the postal worker was acting outside the scope of his employment when he allegedly grabbed and twisted Olson's wrist. Indeed, Olson could not maintain an FTCA action against USPS or the United States if that were the case. *See Johnson v. United States*, 534 F.3d 958, 963 (8th Cir. 2008) ("A threshold requirement to establish jurisdiction under the FTCA is that the federal employee must have been acting within the scope of his employment when the tort was committed.").

of any other civil action or proceeding for money damages . . . against the employee whose act or omission gave rise to the claim . . . ."); *United States v. Smith*, 499 U.S. 160, 165 (1991) (holding that "the Liability Reform Act immunizes Government employees from suit even when an FTCA exception precludes recovery against the Government").

While the Liability Reform Act does not shield federal employees from constitutional claims, *see* 28 U.S.C. § 2679(b)(2)(A), Olson's proposed *Bivens* claim against the postal worker for violating his Fourteenth Amendment right to bodily integrity would be subject to dismissal under Rule 12(b)(6) for failure to state a viable constitutional claim. The constitutional right to bodily integrity has been recognized as applying to unwanted medical procedures, rapes, and other egregious sexual assaults, *see Rogers v. City of Little Rock, Ark.*, 152 F.3d 790, 795 (8th Cir. 1998), but never to ordinary assaults or batteries like the one allegedly inflicted on Olson. *See Hawkins v. Holloway*, 316 F.3d 777, 785 (8th Cir. 2003) ("Not every inappropriate or unwanted touching by a public official . . . can amount to the brutal and inhumane abuse of official power necessary to demonstrate a violation of an individual's bodily integrity sufficient to support a constitutional violation.") (quotation omitted); *Alexander v. DeAngelo*, 329 F.3d 912, 916 (7th Cir. 2003) (explaining that the constitutional right to bodily integrity is infringed by a serious battery, such as rape, but that "most batteries are too trivial to amount to deprivations of liberty"); *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (finding it "simply inconceivable that a single slap" could constitute an act so "brutal," "inhumane," or "vicious as to constitute a violation of substantive due process"). To do so here would violate the Supreme Court's repeated admonition that the

Fourteenth Amendment's Due Process Clause is not a "font of tort law" that justifies "imposing liability whenever someone cloaked with state authority causes harm." *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 848 (1998) (quoting *Paul v. Davis*, 424 U.S. 693, 701 (1976)). The alleged battery committed by the postal worker simply does not rise to the level of a constitutional violation. *See Rubek v. Barnhart*, 814 F.2d 1283, 1285 (8th Cir. 1987) (noting that "it is well established that not every violation of state tort or criminal assault laws committed by a [government] official results in a constitutional violation," and holding that a public school teacher's actions in repeatedly slapping and kicking second-grade students in order to maintain discipline did not amount to "a violation of constitutional magnitude").

### III. CONCLUSION

For the foregoing reasons, this Court concludes that Olson's negligent training claim against USPS is barred by the FTCA's exception for claims "arising out of assault [or] battery," which means that sovereign immunity precludes the exercise of subject-matter jurisdiction over that claim. In addition, Olson's proposed amendments to his complaint would be futile because they could not withstand dismissal for lack of subject-matter jurisdiction or failure to state a claim on which relief may be granted. Accordingly, this Court recommends that USPS's motion to dismiss be granted on the basis of sovereign immunity, that Olson's motion for leave to amend his complaint be denied, and that this action be dismissed without prejudice for lack of subject-matter jurisdiction.

# RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. The United States Postal Service's motion to dismiss (Doc. No. 12) be **GRANTED** based on sovereign immunity;

2. Aaron Olson's motion for leave to amend his complaint (Doc. No. 24) be **DENIED** as futile; and

3. This action be **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

Date:  June 15, 2015

*s/ Becky R. Thorson*
BECKY R. THORSON
United States Magistrate Judge

# NOTICE

This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), a party may file and serve specific written objections to this Report by **June 29, 2015**. A party may respond to those objections within **fourteen days** after service thereof. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within **ten days** of receipt of the Report.